(15 Misc. Rep. 90.)

### WANDELT v. COHEN.

(Common Pleas of New York City and County, General Term.    December 23, 1895.)

1. CONTRACTS—PROOF OF PERFORMANCE—ARCHITECT.
   To entitle an architect to recover for plans which he is employed to make, he must show their delivery, or a tender of them.
2. APPEAL—DECISION THAT ISSUE IS IMMATERIAL.
   A decision by a referee that a material question in the trial of an action is immaterial raises the presumption that he did not consider or pass on it, and a judgment based on his decision is reversible for error of law on a general exception.

Appeal from special term.

Action by Frederick Wandelt against David Cohen, impleaded, to foreclose a mechanic's lien.    From a personal judgment for $870.64 rendered against defendant Cohen, said defendant appeals.    Reversed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

David Leventritt, for appellant.

Wilson, Barker & Wilson (Frank Barker, of counsel), for respondent.

DALY, C. J.    The plaintiff claimed a mechanic's lien for services as architect in preparing, at defendant's request, plans for buildings to be erected in Cherry and Water streets, in this city.    The lien was disallowed by the referee because building was never commenced upon the premises, but the referee allowed a personal judgment for the value of the work of preparing the plans, which he found to be $450.    The claim was contested on the ground that the plaintiff had never delivered, nor offered to deliver, the plans to the defendant.    Delivery was not alleged in the complaint, nor, in fact, made; but the plaintiff testified that it was agreed between the defendant and himself that when the plans were ready he should notify the defendant, who was then to call at his office and examine them, and that he did send such a notice to the defendant, who failed to call as agreed.    Under such circumstances, proof of delivery was not necessary, although, had it been otherwise, plaintiff would have been bound, if employed to make plans, to show that they were delivered or tendered when completed.    It was necessary, therefore, to establish the agreement to call and examine the plans upon notice, and a judgment in plaintiff's favor could only be rendered upon a finding of such an agreement.    Such finding was not made by the referee, although it was an issue in the case, upon conflicting testimony.    On the contrary, his decision shows that he regarded the agreement as wholly immaterial to a recovery.    The language of the decision, after stating that the plans were prepared under employment by defendant, is as follows:

"I do not regard it as essential to plaintiff's cause of action that notice to the defendant of the completion of such preliminary plans should be shown; but I am satisfied from the evidence that plaintiff sent a notice by mail to defendant Cohen, at his residence in Pike street, in the city of New York, on or about the 6th day of March, 1893, of the completion of such preliminary plans, which notice was delivered, in regular course of mail, at such residence of the said defendant Cohen."

The notice which the referee finds was sent and received was as follows:

"Dear Sir: I wish you would call to see the drawings for your Market Slip property. If you have any suggestions to make, an alteration in the plan would be little trouble now. I have called at your house twice, and never found you, and have written you to call, too, but saw nothing of you. Please advise me what to do."

This letter was not a tender of the plans, nor an offer of delivery. It was undoubtedly written in pursuance of the alleged agreement which was in dispute, and depends for its effect upon that agreement, the existence of which the referee considers immaterial.    The decision that the notice was not essential to the plaintiff's cause of action indicates clearly that the referee did not pass upon the issue of fact as to whether there was an agreement for such notice; and we cannot, therefore, assume, as we might in the absence of an express finding, or of any reference to the point in dispute, that a fact necessary to the judgment had been found in favor of the party who was bound to prove it.    A decision by a referee that a certain fact is immaterial is equivalent to an instruction by a trial judge to a jury to the same effect, and, if such issue be material to a recovery, a verdict or decision,

under the circumstances, could not be sustained.   If, in his decision, the judge or referee declares an issue to be immaterial, it is conclusive that he did not pass upon it.   Since findings have been dispensed with, the decision of the court is made a part of the judgment roll, and cannot be treated as mere opinion.   If it fails to find or state all the facts necessary to a judgment, the finding of such facts may nevertheless be inferred in support of the judgment; but if it expressly negatives such inference, and places the judgment upon untenable grounds, an error of law is apparent, reviewable under the general exception to the decision.   Code, § 1022 (amended in 1894).   As the plaintiff's right to recover for the work upon the plans, without proof of delivery, depended upon his establishing an agreement of the defendant to call and examine them when notified, and the referee, in face of a conflict of testimony as to the existence of such an agreement, has declined to decide the issue, a judgment in plaintiff's favor is unwarranted, and must be reversed.

Judgment reversed, and new trial ordered, with costs to abide the event.   All concur.